UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DUANE LAMAR SMITH,** | Case No. 25-cv-12231 |
| | Hon. Terrence G. Berg |
| Plaintiff, | Mag. Judge Kimberly G. Altman |
| v. | |

**WAYNE COUNTY,** a political subdivision
of the State of Michigan, **CITY OF DETROIT,**
a municipal corporation, **PATRICK MCNULTY,**
in his individual and official capacity, **MICHAEL
RUSSELL,** in his individual and official capacity,
and **DONALD OLSEN,** in his individual and official
capacity,

Defendants.

## DETROIT DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants, **CITY OF DETROIT, PATRICK MCNULTY, MICHAEL RUSSELL, AND DONALD OLSEN,** ask the Court to deny Plaintiff's motion for leave to file a second amended complaint because it is futile as to the City of Detroit. As previously addressed in the City's motion, ECF No. 28, the City's bankruptcy bars Plaintiff's claims against it regardless of how it is pled. Therefore, the amendment, at least as to the City, is futile. The motion should be denied accordingly.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Kali M. L. Henderson (P76479)
*Attorneys for Defendants City of*
*Detroit, Patrick McNulty, Michael*
*Russell, and Donald Olsen, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E:khenderson@sewardhenderson.com

Dated: December 1, 2025

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**DUANE LAMAR SMITH,**

        Plaintiff,

v.

**WAYNE COUNTY,** a political subdivision
of the State of Michigan, **CITY OF DETROIT,**
a municipal corporation, **PATRICK MCNULTY,**
in his individual and official capacity, **MICHAEL
RUSSELL,** in his individual and official capacity,
and **DONALD OLSEN,** in his individual and official
capacity,

        Defendants.

Case No. 25-cv-12231
Hon. Terrence G. Berg
Mag. Judge Kimberly G. Altman

**BRIEF IN SUPPORT OF
DETROIT DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

TABLE OF CONTENTS

Index of Authorities ...................................................................................... iii

Statement of the Issues................................................................................. iv

Introduction....................................................................................................1

Standard of Review.........................................................................................1

Analysis...........................................................................................................2

Conclusion ......................................................................................................3

ii

# INDEX OF AUTHORITIES

**Cases**

*Rose v. Hartford Underwriters Ins. Co.*,
   203 F.3d 417 (6th Cir. 2000) ...............................................................................2

*Wade v. Knoxville Utilities Bd.*,
   259 F.3d 452 (6th Cir. 2001) ...............................................................................1

**Rules**

Fed R. Civ. P. 15(a)(2).............................................................................................1

## STATEMENT OF THE ISSUES

Whether the Court should deny Plaintiff's amendment because it would be futile as to the City of Detroit, given that the City's bankruptcy discharge bars Plaintiff's claims against it regardless of how those claims are pled?

➢ The Detroit Defendants answer, **"Yes."**

➢ Plaintiff presumably answers, **"No."**

## INTRODUCTION

Plaintiff seeks leave to file a second amended complaint. But no matter how Plaintiff pleads his claims against the City of Detroit, those claims are barred by the City's bankruptcy discharge. The City has twice explained this insurmountable legal barrier in its motions to dismiss, ECF Nos. 20 and 28. Because the proposed amendment cannot survive a motion to dismiss as to the City, it is futile and this Court should deny the motion for leave to amend.

## STANDARD OF REVIEW

The Rules of Civil Procedure provide that a party may amend its pleading only with the opposing party's written consent or the court's leave, and directs that the court should freely give leave when justice so requires. Fed R. Civ. P. 15(a)(2) This liberal amendment policy is not without limits. Several factors guide the Court's decision whether to grant leave to amend. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citations omitted).

Futility alone justifies denying a motion to amend. A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

1

## ANALYSIS

Plaintiff's proposed second amended complaint is futile as to the City of Detroit because the City's bankruptcy discharge bars the claims Plaintiff seeks to assert. As the City explained in its motion to dismiss at ECF No. 28, the City's bankruptcy proceeding resulted in a confirmed plan that discharged claims against the City. Plaintiff's claims in this case arise from events that occurred before the City filed for bankruptcy protection. Those pre-petition claims are discharged and cannot be pursued against the City, regardless of how Plaintiff attempts to plead them.

The bankruptcy discharge operates as a complete bar to Plaintiff's claims against the City. No amount of creative pleading can overcome a bankruptcy discharge. The legal impediment exists independent of how Plaintiff frames his factual allegations or legal theories. Whether Plaintiff brings his claims under Section 1983, state tort law, or any other theory, the result is the same. The claims are discharged.

Plaintiff's motion for leave to amend does not acknowledge the bankruptcy issue, much less explain how a second amended complaint would avoid dismissal on this basis. This silence is telling. Plaintiff cannot cure the defect because the defect is not in the pleading but in the viability of the claims themselves. When a plaintiff seeks to amend but the proposed amendment suffers from the same fatal flaw as the existing complaint, leave to amend should be denied as futile.

The Court has already permitted Plaintiff one opportunity to amend his complaint. The City raised the bankruptcy discharge issue in its first motion to dismiss. Plaintiff filed an amended complaint but did not address the bankruptcy bar. The City raised the issue again in its second motion to dismiss. Now Plaintiff seeks leave to file a second amended complaint, again without addressing how any amendment could overcome the discharge. At some point, repeated amendments that cannot cure the fundamental deficiency in a case become futile exercises.

Granting leave to amend would serve no purpose here. If the Court grants the motion, Plaintiff will file a second amended complaint. The City will move to dismiss based on the bankruptcy discharge. The Court will need to address the same arguments the City has already presented twice. Denying the motion for leave to amend avoids this wasteful process and allows the Court to resolve the case based on the dispositive issue that Plaintiff cannot overcome.

## CONCLUSION

The Court should deny Plaintiff's motion for leave to file a second amended complaint because any amendment would be futile as to the City of Detroit. The City's bankruptcy discharge bars Plaintiff's claims regardless of how those claims are pled. Plaintiff has not and cannot demonstrate that a second amended complaint would survive a motion to dismiss on this basis. Because the proposed amendment is futile, leave to amend should be denied.

3

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Kali M. L. Henderson (P76479)
*Attorneys for Defendants City of*
*Detroit, Patrick McNulty, Michael*
*Russell, and Donald Olsen, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
Dated: December 1, 2025                    E:khenderson@sewardhenderson.com

### CERTIFICATE OF SERVICE

I hereby certify that on **Monday, December 1, 2025,** I electronically filed the foregoing document and proceeding brief with the Clerk of the Court via the CM/ECF system, which will send notice to all parties and attorneys of record.

/s/Lillian Nelson
**SEWARD HENDERSON PLLC**

4